UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00012-TWP-DKL |
| ) | |
| FRANK KIRCHNER, TEAM CHAMPION, ) | |
| ALEX BRUNI, and PETER BRZYCKI, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON DEFENDANT BRZYCKI'S MOTION TO DISMISS

This matter is before the Court on Defendant Peter Brzycki's ("Mr. Brzycki") Motion to Dismiss (Dkt. 76). Mr. Brzycki contends this Court does not have jurisdiction over him. For the reasons below, the Court agrees and the Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Richard N. Bell owns the copyright to a photograph of the Indianapolis skyline ("Indianapolis Photo") that he took in March 2000. It was first published on the website "Webshots" on August 29, 2000, and has been recently published on Mr. Bell's personal website. It was registered on August 4, 2011, with the United States Copyright Office. In his complaint, Mr. Bell alleges that each Defendant downloaded or took the Indianapolis Photo without his permission for use on each Defendants' respective websites for commercial use. Mr. Bell notified Defendants of the alleged infringing use and demanded payment.

Mr. Brzycki is a citizen of the State of California and the owner of the website "okctalk.com." The website is an online forum and anyone can register to join the forum. Members of the forum write and respond to posts, and can upload pictures. The Indianapolis

Photo was uploaded to the website by a member of the website's online forum. After this lawsuit was filed, the Indianapolis Photo was removed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. After the defendant moves to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The extent of plaintiff's burden is dependent upon the method in which the court determines the issue of personal jurisdiction. *Id.* Where, as here, the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782–83.

## III.  DISCUSSION

**A.  Application for Stay and Review of Magistrate's Decision**

As an initial matter, the Court will address Mr. Bell's request that the Court reconsider the Magistrate Judge's denial of a motion for extension of time. Within his Response in Opposition (Dkt. 90), Mr. Bell states that the "Magistrate Judge's May 21 ruling is clearly an abuse of discretion and should be overturned. " This motion contained within the Response brief

will not be considered by the Court.  Local Rule 7-1 states, "A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the Court." Although *pro se* filings are to be construed liberally, Mr. Bell is a licensed attorney in the State of Indiana, and signs his pleadings with his attorney number and law firm name.  Further, Mr. Bell's use of his Response to make additional requests is more egregious than Mr. Brzycki's—a non-lawyer *pro se* litigant—combination of motion to dismiss and brief in support.  Mr. Bell's requests are related to his Response, but seek additional and independent measures, including the apparent review of a Magistrate Judge's order.  Given the errors in form, the Court will not decide Mr. Bell's collateral requests.  *See* Local Rule 1-3.

**B.     Personal Jurisdiction**

A district court must undertake and satisfy a two-step analysis in order to properly exercise personal jurisdiction over a non-resident defendant.  First, the exercise of personal jurisdiction must comport with the state's long-arm statute; second, the exercise must comport with the Due Process Clause of the Constitution.  *Purdue*, 338 F.3d at 779.  Because Indiana's long-arm statute, Indiana Rule of Trial Procedure 4.4(a), "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the [f]ederal Due Process Clause," the Court only needs to consider the second step of the analysis. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

Due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These minimum contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the

benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Such purposeful availment is required to ensure that defendants may reasonably anticipate what conduct will subject them to the jurisdiction of a foreign sovereign. *Burger King*, 471 U.S. at 472.

Personal jurisdiction may be either specific or general, but only specific jurisdiction needs to be considered here. Specific jurisdiction exists "for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). It "requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *LinkAmerica*, 857 N.E.2d at 967 (citation omitted). A single contact with the forum state may satisfy the standard of minimum contacts if the contact produces a substantial connection with the forum state and the connection is related to the lawsuit. *Id.* However, a defendant cannot be brought into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Id.* (quoting *Burger King*, 471 U.S. at 475). This inquiry "may be condensed to three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted).

Cases involving the internet offer their own unique set of challenges when determining personal jurisdiction. The Seventh Circuit has warned that "[c]ourts should be careful in

resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (quoting *Ill. v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). A defendant must in some way *target* the forum state's market. *Id.* "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id.*

The record before the Court contains no allegation or evidence that Mr. Brzycki deliberately targeted or exploited the Indiana market. Mr. Bell argues that Mr. Brzycki's website has generated revenue, and that some of that revenue may have derived from Indiana residents or the use of the Indianapolis Photo. In *be2 LLC*, the Seventh Circuit held that contact with Illinois was too attenuated when twenty users of the website "be2.net" identified with Illinois, when there was no evidence that the website's owner targeted the Illinois market. Here, there is similarly no indication of advertising, revenue, or any interaction between Mr. Brzycki and the Indiana market. Therefore, Mr. Bell has not established the necessary minimum contacts to hale Mr. Brzycki into this Court.

Mr. Bell additionally relies on the "effects test" to establish jurisdiction. "The effects test allows a court to exert personal jurisdiction over a defendant only if it: (i) commits intentionally tortious actions, (ii) which are expressly aimed at the forum state, (iii) which cause harm to the plaintiff in the forum state which the defendant knows is likely to be suffered." *Labtest Int'l, Inc. v. Ctr. Testing Int'l Corp.*, 766 F. Supp. 2d 854, 861 (N.D. Ill. 2011). Here, Mr. Bell argues that Mr. Brzycki "should have been aware that providing an open platform in which anyone

5

could upload any picture to his Website may cause legal issues." Dkt. 90 at 13. Following Mr. Bell's reasoning would require the Court to extend the reach of the effects test, and the Court declines to do so. *See Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1012 (N.D. Ill. 2009). Copyright infringement does not require any particular state of mind, *id.*, and further, Mr. Brzycki declared that a member of his website uploaded the Indianapolis Photo—not Mr. Brzycki himself—and the photograph has since been removed. Dkt. 77. Mr. Bell has not made a responsive showing that Mr. Brzycki intentionally infringed Mr. Bell's copyright and directed that conduct toward Indiana. Therefore, personal jurisdiction does not exist under the effects test.

## IV. **CONCLUSION**

Accordingly, Mr. Brzycki's Motion to Dismiss (Dkt. 77) is **GRANTED**. Mr. Bell's claims against Mr. Brzycki are **DISMISSED with prejudice**.

SO ORDERED.

Date: 03/07/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Peter Brzycki
3587 Cambria Court
Thousand Oaks, California 91360

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

F. Joseph Jaskowiak
HOEPPNER WAGNER & EVANS LLP
jjaskowiak@hwelaw.com

Holiday W. Banta
ICE MILLER LLP
h.banta@icemiller.com

Trezanay Michelle Atkins
THE BRAND INFRINGEMENT FIRM
tatkins@thebrandinfringementfirm.com